UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22109-CIV-WILLIAMS/MCALILEY

DOUG LONGHINI,

    Plaintiff,

vs.

RCI HOLDINGS, INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

Defendant RCI Holdings, Inc. ("RCI") filed a Motion to Dismiss, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 9, 10). Plaintiff Doug Longhini filed a response. (ECF No. 13). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons I explain below, I recommend that the Court deny the Motion to Dismiss.

**I.   BACKGROUND**

This is an action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101-12103, 12181-12205a ("ADA"). (ECF No. 1). Plaintiff uses a wheelchair to ambulate and has very limited use of his hands. (*Id*. at ¶ 13). RCI allegedly owns and operates Miami Gardens Square, a place of public accommodation where Restaurant

Rincon Latino is located, which is allegedly owned and operated by Defendant Restaurant Rincon Latino Corp. (*Id*. at ¶¶ 5, 7-8). Plaintiff alleges that he regularly visits Miami Gardens Square and the businesses located therein, but encounters architectural barriers that impede his ability to patronize the shopping plaza. (*Id*. at ¶¶ 16, 18-19).

Plaintiff specifies the architectural barriers he encountered, which involve parking, paths of travel, entrance access, and public restrooms. (*Id*. at ¶¶ 25, 27). Plaintiff alleges that these architectural barriers violate the ADA and their removal is readily achievable. (*Id*.). Plaintiff contends that Defendants have discriminated against him by denying him full access and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Miami Gardens Square. (*Id*. at ¶ 23). Plaintiff alleges that he intends to return to Miami Gardens Square and the business located therein in the near future. (*Id*. at ¶¶ 16, 21).

RCI filed a Motion to Dismiss, asserting that Plaintiff has failed to state a plausible claim for relief. (ECF No. 9). RCI makes four arguments: (i) Plaintiff does not sufficiently allege that there are ADA violations on the property, (ii) removal of the alleged architectural barriers is not readily achievable, (iii) any alleged ADA violations have been corrected, and (iv) RCI is not liable for any alleged ADA violations at Restaurant Rincon Latino. (*Id*.). Plaintiff filed a response, contending that the Motion to Dismiss is based upon issues of fact which are not appropriate for resolution on a motion to dismiss. (ECF No. 13). Plaintiff asserts that the allegations in the Complaint are sufficient at this stage of the proceedings. For the reasons explained below, the Court concludes that Plaintiff has stated a plausible claim for violation of the ADA.

## II. ANALYSIS

Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 510 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's factual allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court must also draw "all reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002), and must limit its consideration to the four corners of the complaint and the exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

To establish a claim for disability discrimination under the ADA, a plaintiff must demonstrate three elements: (1) he is disabled, (2) the property at issue is a place of public accommodation, and (3) he was denied full and equal enjoyment of the public accommodation as a result of his disability. *Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp.*, 158 F. Supp. 2d 1353, 1359-60 (S.D. Fla. 2001). RCI does not challenge the sufficiency of Plaintiff's allegations regarding the first two elements. RCI argues that Plaintiff has not sufficiently alleged the last element for a variety of reasons.

First, RCI contends that Plaintiff's allegations of architectural barriers are not sufficiently specific. (ECF No. 9 at 5-16). The Complaint contains four (4) pages in which

Plaintiff lists each architectural barrier he allegedly encountered at Miami Gardens Square and Restaurant Rincon Latino, describes the barrier, and cites the specific regulation(s) that each barrier violates. (ECF No. 1 at 6-9). Numerous courts in this District find such allegations sufficient to state a valid claim under the ADA. *See e.g., Barberi v. Luisi Dollar Discount Mini Market, Inc.*, No. 17-cv-20522, 2017 WL 2651710, at *3 (S.D. Fla. June 19, 2017) (denying motion to dismiss where complaint "lists 12 architectural barriers that are in violation of the ADA …" because "[c]ourts in this District have found such listings of alleged barriers as sufficient for pleading purposes.") (citations omitted); *Longhini v. 18335 NW 27 Ave LLC*, No. 20-cv-21514, 2020 WL 7401479, at *3 (S.D. Fla. Dec. 17, 2020) (largely denying motion to dismiss where amended complaint "lists nearly three pages of specific architectural barriers that Longhini encountered at the shopping center, along with citations to specific regulations that each barrier violates."); *Longhini v. Hayday, Inc.*, No. 17-cv-20330, 2017 WL 2703557, at *3 (S.D. Fla. June 22, 2017) ("The Complaint lists each architectural barrier that Plaintiff encountered at [property], describes each barrier, and provides a citation to the specific regulation that each barrier violates. This information is sufficient to inform Defendant Hayday of the basis for the Plaintiff's claims.") (citations omitted).

Next, RCI argues that Plaintiff fails to state a claim because he does not attach photographs of the alleged violations or provide measurements of the areas at issue. (ECF No. 9 at 5-16). Courts in this district do not require such specificity. *See e.g., Bowman v. Le Mans Enterprises, Inc.*, No. 14-cv-20424, 2014 WL 12774692, at *2 (S.D. Fla. Oct. 20, 2014) (rejecting argument that complaint must have included "references to the actual

4

dimensions and measurements of the various noncompliant structures at the [property]" and concluding that allegations the plaintiff is disabled, the property is a place of public accommodation, and, upon visiting the property, the plaintiff encountered barriers which rendered the facility inaccessible "satisfie[s] the pleading requirements for a claim under the ADA."). Notably, RCI does not provide any legal authority to support its position that photographs and measurements are necessary at the pleading stage. "To the extent Defendant seeks more specific allegations of ADA violations, discovery will provide that specificity." *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1294-95 (S.D. Fla. 2012).

RCI also argues that Plaintiff fails to state a claim because any remedy for the alleged violations is not readily achievable. (ECF No. 9 at 5-16). Removal of a barrier is "readily achievable" when it is "easily accomplishable and able to be carried out without much difficulty or expense." *See* 42 U.S.C. § 12182(b)(2)(A)(iv), 12181. RCI asserts that it would have to engage in "significant construction efforts" to remove any alleged barriers. (ECF No. 9 at 6, 9-13). The difficulty and cost of any remedial efforts is the proper subject of discovery. It is not a basis to dismiss the Complaint. Plaintiff alleges, with respect to each architectural barrier identified in the Complaint, that resolution of the barrier is readily achievable. (ECF No. 1 at ¶¶ 25, 27). "Merely alleging that barrier removal is 'readily achievable' satisfies the pleading standard." *Barberi*, 2017 WL 2651710 at *4 (citation omitted).

RCI's remaining arguments are similarly unavailing. RCI argues that it is not liable for any alleged ADA violations at Restaurant Rincon Latino. (ECF No. 9 at 12). However,

5

Plaintiff alleges that RCI owns and operates Miami Gardens Square and is the landlord of Defendant Restaurant Rincon Latino. (ECF No. 1 at ¶¶ 5, 20, 22). "Since [RCI] allegedly owns the entirety of the shopping plaza, the allegations in the Complaint are sufficient to state a claim to relief that is plausible on its face." *Hayday, Inc.*, 2017 WL 2703557 at *3.

RCI further argues that many alleged ADA violations have been cured, thereby rendering Plaintiff's claim moot, or are not violations of the ADA at all. (ECF No. 9 at 7, 9-11, 13-16). Plaintiff disputes these assertions, and attaches a copy of his ADA expert's preliminary report. (ECF No. 13-1). Such factual disputes are not an appropriate basis to dismiss the Complaint. *See e.g., Longhini v. West Palm Plaza, Inc.*, No. 17-cv-20351, 2017 WL 4417690, at *2 (S.D. Fla. Oct. 3, 2017) ("In light of these factual disputes, and because [Defendant] has not admitted liability with respect to all of the alleged [ADA] violations, it is clear that the controversy is not moot."); *Lugo*, 878 F.Supp.2d at 1295 (in denying motion to dismiss, noting that discovery will provide specificity "regarding the nature and cost of the action needed to remedy the violations and the overall financial resources of Defendant.").

### III.   CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion to Dismiss, (ECF No. 9).

### IV.   OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those

factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 28th day of December 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
 Counsel of Record